# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**JEWELRY DEPOT, INC.,**
a Florida corporation,

        Plaintiff,

v.

**SAINT LOUIS JEWELRY DEPOT**, **LLC,** a Missouri limited liability company,

        Defendant.

Case No.

Dist. Judge: Hon.

Mag. Judge

---

David S. McDaniel (P56994)
JAFFE, RAITT, HEUER & WEISS, P.C.
Counsel for Plaintiff
535 W. William St., Ste. 400S
Ann Arbor, MI 48103
(734) 222-4776
dmcdaniel@jaffelaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Jewelry Depot, Inc. ("Plaintiff"), by its undersigned counsel, states the following for its Complaint and Jury Demand (the "Complaint") against Defendant Saint Louis Jewelry Depot, LLC ("Defendant"):

### Parties, Jurisdiction and Venue

1.    Plaintiff is a Florida corporation with its principal place of business located in the City of Hollywood, Broward County, Florida.

2.    Defendant is a Missouri limited liability company with its principal place of business located in the City of St. Louis, St. Louis County, Missouri.

1

3. The Court has subject matter jurisdiction over the claims asserted in this lawsuit pursuant to 15 U.S.C. §§ 1121, 1125 (Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. The Court may exercise personal jurisdiction over Defendant because Defendant operates a fully interactive website through which it advertises and promotes its business and offers goods for sale to Michigan residents and others; it advertises and promotes its business and offers goods for sale to Michigan residents and others through other internet channels; and Michigan residents can exchange information with and purchase goods from Defendant, and on information and belief have exchanged information with and purchased goods from Defendant, through Defendant's fully interactive website and through other internet channels maintained by Defendant.

5. Venue is proper in this Court under 28 U.S.C. § 1391.

## Statement of Facts

6. Formed in 2001, Plaintiff is a full-service jewelry retailer that operates a physical sales and service location in Hollywood, Florida and also promotes its goods and services throughout the United States through its website at www.jewelrydepotinc.com and through eBay.

7. Plaintiff is one of only a handful of full-service jewelry stores in South Florida that has earned recognition as an accredited business with the Better

Business Bureau (the "BBB") and the BBB's A-plus rating for excellence in reliability. Plaintiff is also a member of Jewelers of America, which only admits jewelers and jewelry stores that follow a strict code of professional conduct.

8. Since 2001, Plaintiff has continuously operated under the "Jewelry Depot" name and has made continuous and extensive use of this mark, with associated logos, in connection with the marketing, sale and distribution of its goods and services to consumers, including the sale and service of various types of jewelry and watches.

9. As a result of these activities, Plaintiff has built up, owns, and enjoys the benefits of valuable goodwill and substantial common law rights in the "Jewelry Depot" mark.

10. Plaintiff is the owner of U.S. Trademark Registration No. 3,324,560 for the word mark "Jewelry Depot," issued on the Principal Register of the U.S. Patent and Trademark Office ("USPTO") on October 30, 2007, in International Class 35 for "[r]etail store and on-line retail store services featuring jewelry, coins and watches" (the "Word Mark").

11. Plaintiff's registration for the Word Mark is valid and subsisting and is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12. Plaintiff is also the owner of U.S. Trademark Registration No. 4,477,687 for the following mark,



issued on the Principal Register of the USPTO on February 4, 2014 in International Class 35 for "[r]etail jewelry stores" (the "Design Mark" and together with the Word Mark, "Plaintiff's Marks").

13.     Plaintiff first used the Design Mark in commerce in late 2010 and has continuously and extensively used the Design Mark in commerce since that time, on its website and elsewhere, in connection with the marketing and distribution of its goods and services to consumers.

14.     Per the records of the Secretary of State of the State of Missouri, Defendant formed as a Missouri limited liability company on December 17, 2015, operating under the fictitious name "Saint Louis Jewelry Depot."

15.     Defendant's fictitious name fully incorporates Plaintiff's valid, subsisting and incontestable Word Mark, which Plaintiff has the exclusive right to use on a nationwide basis by virtue of its registration.

16.     Defendant has been using, and continues to use, the "Saint Louis Jewelry Depot" trade name to promote and market its goods and/or services, including the sale of jewelry and watches, to consumers through multiple outlets, including at a physical store; on the internet at www.saintlouisjewelrydepot.com;

through Facebook at www.facebook.com/saintlouisjewelrydepot; and, on information and belief, through eBay.

17. Plaintiff did not authorize Defendant to adopt, incorporate, or use Plaintiff's Word Mark in Defendant's trade name.

18. On June 19, 2017, Plaintiff sent a cease and desist letter to Defendant, advising that Defendant's use of the "Saint Louis Jewelry Depot" mark in connection with the marketing and promotion of its business, including the sale of goods such as jewelry, constituted a violation of Plaintiff's rights in Plaintiff's Marks. Plaintiff demanded that Defendant, *inter alia*, immediately cease and desist from any further use of the "Saint Louis Jewelry Depot" mark.

19. Defendant did not respond to the letter within the time frame Plaintiff requested and continued its unauthorized use of the "Saint Louis Jewelry Depot" mark in connection with the promotion and marketing of its business.

20. Accordingly, on July 18, 2017, Plaintiff sent a second cease and desist letter to Defendant, substantially reasserting the contents and demand of the first letter.

21. Defendant did not respond to the second cease and desist letter within the time frame Plaintiff requested and continued its unauthorized use of the "Saint Louis Jewelry Depot" mark in connection with the promotion and marketing of its business.

22. Defendant's use in commerce of the "Saint Louis Jewelry Depot" mark in connection with the promotion and marketing of its business is likely to cause confusion among consumers and constitutes willful and intentional infringement of Plaintiff's Marks and Plaintiff's rights therein.

23. By virtue of the registration of Plaintiff's Marks on the USPTO's principal register, Defendant had constructive, if not actual, notice of Plaintiff's ownership of Plaintiff's Marks pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, prior to Defendant's adoption and use in commerce of the "Saint Louis Jewelry Depot" mark.

24. By virtue of the registration of Plaintiff's Marks through the USPTO, Plaintiff has exclusive, nationwide rights in Plaintiff's Marks.

## COUNT I
### Trademark Infringement in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

25. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

26. Plaintiff is the owner of the Word Mark, U.S. Registration No. 3,324,560, which is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

27. Plaintiff is the owner of the Design Mark, U.S. Registration No. 4,477,687, which is valid and subsisting.

28. As set forth above, Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Word Mark and/or Design Mark in connection with the sale, offering for sale, distribution, or advertising of its goods or services in a manner that is likely to cause confusion, to cause mistake, or to deceive as to the source of Defendant's goods or services, as to an affiliation between Plaintiff and Defendant, and/or as to Plaintiff's endorsement, sponsorship, or approval of Defendant's goods and services and/or the marketing and distribution thereof.

29. Defendant's use of such reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Word Mark and/or Design Mark is without the permission, authority, or consent of Plaintiff, constituting a violation of Plaintiff's rights in the Word Mark and/or Design Mark.

30. Defendant's violation of Plaintiff's rights in the Word Mark and/or Design Mark was, and is, knowing, willful, deliberate and intentional.

31. As a result of Defendant's wrongful conduct, as described herein, Plaintiff has suffered substantial harm, including, but not limited to, harm to its good will, its reputation, and its rights in Plaintiff's Word Mark and/or Design Mark, and it will continue to suffer substantial harm unless Defendant is enjoined from using the "Saint Louis Jewelry Depot" mark.

32. Additionally, because of Defendant's wrongful conduct, as described herein, Plaintiff has suffered monetary damages, in an amount to be determined.

33. Based on the foregoing, Defendant is liable to Plaintiff for trademark infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Plaintiff is entitled to all such remedies as may be available thereunder.

## COUNT II
### Federal Unfair Competition and False Designation of Origin Under Section 43 of the Lanham Act, 15 U.S.C. § 1125

34. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

35. Plaintiff is the owner of the Word Mark, U.S. Registration No. 3,324,560, which is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

36. Plaintiff is the owner of the Design Mark, U.S. Registration No. 4,477,687, which is valid and subsisting.

37. As set forth above, Defendant has used in commerce a word, term, name, symbol or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

38. Said use by Defendant is without the permission, authority, or consent of Plaintiff, constituting a violation of Plaintiff's rights in the Word Mark and/or Design Mark.

39. Defendant's violation of Plaintiff's rights in the Word Mark and/or Design Mark was, and is, knowing, willful, deliberate and intentional.

40. As a result of Defendant's wrongful conduct, as described herein, Plaintiff has suffered substantial harm, including, but not limited to, harm to its good will, its reputation, and its rights in the Word Mark and/or Design Mark, and it will continue to suffer substantial harm unless Defendant is enjoined from using the "Saint Louis Jewelry Depot" mark.

41. Additionally, because of Defendant's wrongful conduct, as described herein, Plaintiff has suffered monetary damages, in an amount to be determined.

42. Based on the foregoing, Defendant is liable to Plaintiff for unfair competition and/or false designation pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125, and Plaintiff is entitled to all such remedies as may be available thereunder.

## COUNT III
## Common Law Trademark Infringement

43. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

44. Plaintiff has continuously and extensively used Plaintiff's Marks in commerce and, based on such use, Plaintiff is the owner of protected common law rights in Plaintiff's Marks.

45. Defendant has wrongfully used and continues to use one or both of Plaintiff's Marks, in whole or in part, and/or other confusingly similar words, terms, names, symbols, or devices, in commerce in connection with the advertising, promotion and sale of its goods and services.

46. Such use by Defendant is likely to cause confusion, cause mistake, or deceive as to an affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

47. Defendant's wrongful acts, as set forth above, constitute common law trademark infringement.

48. As a direct result of Defendants' violations, as described herein, Plaintiff has suffered substantial harm including, but not limited to, irreparable harm that cannot be adequately compensated at law and which will continue unless Defendant is enjoined from using the "Saint Louis Jewelry Depot" mark.

49. Additionally, because of Defendant's wrongful conduct, as described herein, Plaintiff has suffered monetary damages, in an amount to be determined.

## COUNT IV
## Common Law Unfair Competition

50. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

51. Plaintiff has continuously and extensively used Plaintiff's Marks in commerce and, based on such use, Plaintiff is the owner of protected common law rights in Plaintiff's Marks.

52. Defendant has wrongfully used and continues to use one or both of Plaintiff's Marks, in whole or in part, and/or other confusingly similar words, terms, names, symbols, or devices, in commerce in connection with the advertising, promotion and sale of its goods and services.

53. Such use by Defendant is likely to cause confusion or mistake, or to deceive as to an affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

54. Defendant's wrongful acts, as set forth above, constitute common law unfair competition.

55. As a direct result of Defendants' violations, as described herein, Plaintiff has suffered substantial harm including, but not limited to, irreparable

harm that cannot be adequately compensated at law and which will continue unless Defendant is enjoined from using "Saint Louis Jewelry Depot" mark.

56. Additionally, because of Defendant's wrongful conduct, as described herein, Plaintiff has suffered monetary damages, in an amount to be determined.

## COUNT V
### Violation of the Florida Deceptive Trade Practices Act, Florida Statutes § 501.204

57. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth here.

58. By its unlawful conduct, as described above, Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of trade or commerce.

59. By virtue of having engaging in such conduct, Defendant has violated, and continues to violate, the Florida Deceptive Trade Practices Act, Florida Statutes § 501.204.

60. Plaintiff is thereby entitled to monetary damages, injunctive relief, and all such other relief as may be available thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in its favor and against Defendant granting the following relief:

(1)     Determining and declaring that Defendant has violated Plaintiff's rights in Word Mark and/or Design Mark, as set forth above;

(2)     Permanently enjoining Defendant, its officers, members, directors, partners, employees, representatives, and related companies or entities, and any and all others acting in concert or participation with Defendant, from: (a) using the infringing "Saint Louis Jewelry Depot" mark, or any variation or colorable imitation thereof, in any manner whatsoever in connection with the sale, offering for sale, promotion, advertising, marketing or distribution of any jewelry, watches, and/or any substantially related goods or services; (b) infringing Plaintiff's Marks; (c) unfairly competing with Plaintiff by using a name or mark confusingly similar to Plaintiff's Marks; (d) offering for sale, advertising or promoting goods and services under the infringing "Saint Louis Jewelry Depot" mark, or any variation or colorable imitation thereof, in any manner not authorized by Plaintiff;

(3)     Requiring Defendant to provide an accounting to determine all gains, profits, savings and advantages obtained by Defendant through its wrongful actions;

(4)     Awarding Plaintiff all monetary damages to which it is entitled under statutory or common law, including an award of Defendant's profits;

(5)     Awarding restitution to Plaintiff of all gains, profits, savings, and advantages obtained by Defendant through its wrongful actions;

(6)  Awarding Plaintiff all of the costs and reasonable attorneys' fees it has incurred and will incur in this matter;

(7)  Awarding Plaintiff such other and/or additional relief as the Court may deem appropriate.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ David S. McDaniel
David S. McDaniel (P56994)
Counsel for Plaintiff
W. William St., Ste. 400S
Ann Arbor, MI 48103
(734) 222-4776535
dmcdaniel@jaffelaw.com

Dated: August 2, 2017

## JURY DEMAND

Plaintiff, by its undersigned counsel, hereby demands a jury trial on all claims and issues triable to a jury.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ David S. McDaniel
David S. McDaniel (P56994)
Counsel for Plaintiff
W. William St., Ste. 400S
Ann Arbor, MI 48103
(734) 222-4776535
dmcdaniel@jaffelaw.com

Dated: August 2, 2017